**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  GRAND JURY SUBPOENA, Dated March 21, 2018, _____ UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DOE, Defendant-Appellant. | No.    18-50321 D.C. No. 2:18-cm-00771-UA-1 MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before:  D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,** District Judge.

Doe appeals the district court's order holding her in civil contempt for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

refusing to produce records of her foreign bank activity for the years 2011 through 2016 as sought by a federal grand jury subpoena *duces tecum*. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Doe asserts that the spousal testimonial privilege protects her from producing documents responsive to the subpoena because the grand jury is currently investigating possible federal tax crimes committed by her husband.[1] For the spousal testimonial privilege to apply, "the anticipated testimony '[must] in fact be adverse' to the nonwitness spouse." *United States v. Van Cauwenberghe*, 827 F.2d 424, 431 (9th Cir. 1987) (citation omitted); *see also United States v. Fomichev*, 899 F.3d 766, 771 (9th Cir. 2018) ("[T]he witness-spouse alone has a privilege to refuse to testify *adversely*.") (emphasis added) (citation omitted). Here, "the testimonial aspect of [Doe's] response to a subpoena *duces tecum* does nothing more than establish the existence, authenticity, and custody" of any responsive foreign bank account records. *United States v. Hubbell,* 530 U.S. 27, 40–41 (2000). Because this bare testimonial aspect of Doe's act of production does not itself adversely affect her husband's case, Doe is not relieved of her obligation to produce foreign bank account records over which she has care,

---

[1] Although Doe also raised claims of privilege under the Fifth Amendment, and the marital communications privilege, before the district court, these arguments were not raised on appeal and are therefore waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

custody, or control.

**AFFIRMED.**